UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VOLUNTEER ENERGY SERVICES INC.,

    Plaintiff,

v.

OPTION ENERGY LLC, JONATHAN
ROCKWOOD, and IVAN PILLARS,

    Defendants.
                                         /

File No. 1:11-CV-554

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendant Option Energy LLC's ("Option") motion to stay proceedings to enforce judgment without bond pending appeal, and its motion for leave to file a reply brief. (Dkt. No. 187, 198.)

### **I.**

As a preliminary matter, the Court grants Option's motion for leave to file a reply to Plaintiff Volunteer Energy Service's Inc.'s ("Volunteer" or "VESI") opposition. The Court has considered Option's proposed reply brief in conjunction with its review of Option's motion to stay enforcement without bond.

An appellant may obtain a stay of execution on a judgment pending appeal by filing a supersedeas bond. Fed. R. Civ. P. 62(d). "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right," but it "in no

way necessarily implies that filing a bond is the only way to obtain a stay." *Arban v. W. Pub. Corp.*, 345 F. 3d 390, 405 (6th Cir. 2003). A court has discretion to issue a stay without the filing of a bond. *Id.* In *Arban*, the court noted that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). The Sixth Circuit held that the district court did not abuse its discretion in granting a stay without a bond in light of the "vast disparity" between the amount of the judgment and the annual revenue of the judgment debtor. *Id.*

In this case, Option is not suggesting that a bond is not necessary because its ability to pay is so plain. Rather, it contends that it should not be required to post a bond because it does not have the assets or financial resources to obtain a bond, and permitting Volunteer to execute on the judgment will effectively put Option out of business, and will likely render Option unable to continue pursuit of its appeal. (Dkt. No. 187, Def.'s Br. at 2.) In support of its request for a stay of execution without bond, Option has presented evidence that, although its operations have been generally profitable, its liabilities exceed its assets (it has a negative working capital of ($20,607.60)), it has no appreciable assets to pledge as collateral, and no realistic ability to obtain a bond. (Dkt. No. 187, Ex. 1, Heyse Aff. ¶¶ 4, 5, 9.)

The purpose of a bond is "to preserve the status quo while protecting the prevailing

party against any loss he or she may sustain." 20 *Moore's Federal Practice*, § 308.31 (Matthew Bender 3d ed.); *see also Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) ("The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.")

> A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

*Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). "The nature of the bond's dual protection role requires that these conditions normally be imposed." *Id.* The burden is on the party moving to depart from the usual requirement of a full security supersedeas bond to objectively demonstrate the reasons for such a departure. *Id.* at 1191.

"[I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden," the court is free to exercise its discretion "to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id.* In exercising that discretion, the court should seek "to protect judgment creditors as fully as possible without irreparably injuring judgment debtors":

3

> A full supersedeas bond may be required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable" whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered.

*Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (quoting *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154-55 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987)). "The court 'may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.'" *Texaco*, 784 F.2d at 1155 (quoting *Fed. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980)). *See also Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (holding that, in determining whether to waive the posting of bond, a district court should consider: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position).

Option contends that there is "little risk to Volunteer's ability to collect on the judgment if a bond is waived or alternative security ordered." Option has not suggested any substitute security that it might be able to provide. It merely asserts that staying execution would enable it to continue operations and earn income that could be paid toward the

4

judgment.  Option further asserts that the Court could, if it deemed it necessary, enter an order requiring Option to seek the Court's approval prior to transferring any funds or filing a bankruptcy action.  (Def.'s Br. at 8.)  Volunteer opposes Option's motion for a stay.  Volunteer does not agree that it will be in a better position to collect on its judgment at the conclusion of the appeal.

Option has not convinced the Court that a stay without bond would adequately protect the interests of Volunteer in recovering on its valid judgment.  The affidavit from Option's accountant does not provide the Court with any realistic assurance that Option will have more assets at the end of the appeal period than it has now.  The Court accordingly declines Option's request to stay proceedings to enforce judgment without bond pending appeal.

An order consistent with this opinion will be entered.


Date:    March 5, 2014            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE