UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOLUNTEER ENERGY SERVICES INC.,

    Plaintiff,

v.

OPTION ENERGY LLC, JONATHAN
ROCKWOOD, and IVAN PILLARS,

    Defendants.
                                            /

File No.  1:11-CV-554

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Defendant Option Energy LLC's motion for attorney fees on appeal.  (ECF No. 215.)  For the reasons that follow, Option's motion will be granted in part and denied in part.

Following a bench trial in this matter, this Court entered judgment in favor of Volunteer and against Option on Volunteer's breach of contract claim in the amount of $509,000, entered a judgment of no cause of action in favor of Jonathan Rockwood on Volunteer's tortious interference with business relationship claim, and entered judgment in favor of Option and against Volunteer in the amount of $159,000, together with reasonable attorney fees and costs, on Option's claim under the Ohio Sales Commission Act ("OSCA"), Ohio Rev. Code § 1335.11.  (Am. Jgmt. ECF No. 154.)  The parties subsequently stipulated to the taxation of attorney fees in favor of Option in the amount of $8,194.  (ECF No. 158,

Am. Bill of Costs.)

Option and Volunteer both appealed the judgment. Option argued that it was entitled to summary judgment on the breach-of-contract claim because the non-solicitation clause was unambiguous, and it argued that the district court erred in awarding Volunteer anything other than nominal damages because Volunteer failed to prove lost profits with reasonable certainty. In its cross-appeal, Volunteer argued that it adequately proved its tortious-interference claims against Jonathan Rockwood, that Option was not entitled to treble damages for the unpaid commissions, and that Option had forfeited or waived any claim to ongoing commission payments. On August 5, 2014, the Sixth Circuit affirmed this Court's judgment in all respects. *See Volunteer Energy Servs., Inc. v. Option Enery, LLC*, Case Nos. 13-1035/13-1087, slip op. (Aug. 5, 2014, 6th Cir.) (ECF No. 214). Option now requests additional attorney fees in the amount of $24,680.31 for successfully defending its attorney fee award on appeal.

Volunteer opposes an award of fees. Volunteer contends that because Option stipulated to a bill of costs that included a "substantially inflated calculation" of attorney fees after trial, and because Option did not reserve the right to supplement the stipulation based on possible future events, Option's request for additional attorney fees should be denied.

The judgment included an award of attorney fees and court costs "incurred in bringing the counterclaim." (ECF No. 154.) At the time the parties entered into the stipulated bill of costs, Volunteer had not yet filed its notice of cross-appeal. There is no suggestion in the

parties' stipulated bill of costs that the settlement would bar Option from seeking additional attorney fees should Volunteer appeal the OSCA award. The Court concludes that the parties' stipulation does not preclude Option from seeking additional attorney fees associated with defending the OSCA award on appeal.

Volunteer also opposes Option's request for attorney fees because it contends that all fees are owed by Defendant Rockwood rather than by Option. In support of this contention, Volunteer notes that the attorney fee invoices were mailed to Defendant Jonathan Rockwood at an address that was not Option's business address.

Option's attorney has stated in his affidavit that the billing represents "[t]he total attorney fees incurred by **Option** on appeal . . . ." (Roragen Aff. ¶ 3 (emphasis added).) At trial, this Court found that Jonathan Rockwood was the sole owner, president, and Chief Executive Officer of Option. Both Option and Rockwood were parties to the appeal. *See Volunteer Energy Servs., Inc. v. Option Energy, LLC*, Case Nos. 13-1035/13-1087 (6th Cir.) The fact that fee invoices were mailed to Rockwood's address rather than to Option's place of business does not suggest that the fees were not incurred by Option.

Volunteer's third argument in opposition to the motion for attorney fees – that the amount of attorney fees is overstated – is more compelling. The prevailing party in an action brought under OSCA is entitled to reasonable attorney fees and court costs incurred in bringing the statutory claim. *See* Ohio Rev.Code § 1335.11(D); *Kosta v. Ohio Outdoor Adver. Corp.*, 659 N.E.2d 810, 811-12 (Ohio Ct. App. 1995) ("[A]n award of attorney fees

3

should be limited to compensate for legal services the trial court finds on remand were reasonable and necessary to defend the statutory claim, and not for services attributable to the defense of the contract claim."). Ohio courts apply the standard established by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), in determining an award of reasonable attorney fees under OSCA. *Corporate Commc'n Servs. of Dayton, LLC v. MCI Commc'ns Servs., Inc.*, No. 3:08-CV-046, 2012 WL 2006642, at *2 (S.D. Ohio June 5, 2012). The starting point for a determination of an attorney's fee award is a determination of the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. Option, as the party seeking the attorney fee award, has the burden of establishing entitlement to the award and documenting the appropriate hours expended and hourly rates. *Id.* at 437.

Option contends that there were two heavily contested issues on appeal: whether Volunteer proved its alleged damages with reasonable certainty, and whether the court properly awarded Option exemplary damages for Volunteer's violation of the OSCA. (Roragen Aff. ¶ 2.) Option contends that the total attorney fees it incurred on appeal is $49,360.63, and that half of that amount ($24,680.31) is reasonably attributable to Option's defense of the OSCA claim. (Roragen Aff. ¶ 3.) The attorney fee invoices attached to Option's motion document the hours of attorney time billed by two attorneys at $250 per hour and $175 per hour.

Volunteer does not quarrel with the hourly rate charged by Option's attorneys, but it

4

does take issue with the number of hours Option claims were associated with the OSCA claim. Volunteer contends that Option's methodology of dividing the entire appellate billing by two far exceeds the number of hours reasonably expended on the OSCA claim. Volunteer has raised several arguments in support of this claim.

First, Volunteer contends that the Court should not consider any of the fees incurred prior to July 31, 2013. The $49,360.63 in attorney fees that Option has documented were incurred between March 19, 2013, and February 25, 2014. Option filed its first brief on appeal on June 28, 2013. The OSCA claim was not raised in that brief. The OSCA claim was first raised in Volunteer's brief, which was not filed until July 31, 2013. Accordingly, Volunteer contends that Option has not met its burden of justifying the inclusion of any attorney fees from March 19, 2013, to July 31, 2013.

The Court agrees that it is not proper to include billing entries between March 19 and July 31 related to the preparation of Option's first appellate brief, which did not include the OSCA issue. However, the entries from March 19 to July 31 cannot be excluded in their entirety because the entries during this time period also include preparation for mediation, which presumably did include the OSCA issue, as Volunteer had presented this issue in its April 25, 2013, civil appeal statement. *Volunteer v. Option*, Case No. 13-1035/13-1087 (6th Cir. Apr. 25, 2013).

Second, Volunteer contends that the OSCA issue was only one of five issues raised on appeal, and that the briefing on the OSCA issue amounted to approximately 16% of the

5

fees incurred after Volunteer filed its appellate brief raising the OSCA issue, far less than the 50% requested by Option.

The parties filed four briefs on appeal. The first brief, filed by Option, contained 17 pages of argument, none of which addressed the OSCA issue. The second brief, filed by Volunteer, contained 27 pages of argument,[1] 6 pages of which addressed the OSCA issue. The third brief, filed by Option, contained 26 pages of argument, 8 pages of which addressed OSCA violations. The fourth brief, filed by Volunteer, contained 16 pages of argument, 8 of which addressed the OSCA issue. Based on the pages devoted to the OSCA argument, it appears that the OSCA argument constituted approximately one quarter of the appellate briefing.

Volunteer's third argument is that Option's invoices include not only entries related to the appeal, but also entries related to Volunteer's garnishment efforts and entries related to Option's bankruptcy filing.

The Court is satisfied that Option is entitled to attorney fees for its defense of its OSCA claim on appeal. However, Option's assertion that it is entitled to half of the attorney fees it incurred on appeal is not well-taken. Attorney fees are the exception, not the rule. They must be limited to time spent on the OSCA claim. A large potion of the time

---

[1] Volunteer measured the pages devoted to the OSCA argument against the entire length of the brief, including the statement of the case, statement of the facts, and summary of the argument. The Court finds that it makes more sense to compare the OSCA argument against the total pages devoted to the arguments, rather than to the length of the entire brief.

documented in the invoices Option has submitted was spent on matters unrelated to the OSCA claim, including entries related to Volunteer's garnishments, to Option's financial situation, to Option's motion for a stay pending appeal, and to Option's bankruptcy filing. These actions related to Option's financial situation were presumably triggered by the $509,000 judgment against Option on Volunteer's breach of contract claim rather than by Volunteer's appeal of the $159,000 judgment in favor of Option on the OSCA claim. There were also entries related to research on the tortious interference claim against Rockwood. After removing these extraneous claims, the Court has arrived at appellate billing of 35.85 hours by Attorney Roragen at $250 per hour and 68 hours by Attorney Krueger at $150 per hour, for a total of $ 19,162.50. The Court has reduced this amount by 75% to account for time spent on other issues on the appeal. This results in a fee award of $4,790.63 in favor of Option as attorney fees associated with defending the OSCA claim on appeal.

Finally, the Court must determine how this award should be paid. Option has filed for bankruptcy. Option's attorneys have requested an order directing that the attorney fee award be paid directly to the lawfirm of Loomis, Ewert, Parsely, Davis & Gotting, P.C., and held in trust until such time as release of those funds is approved by the bankruptcy court. Volunteer, on the other hand, contends that the funds should be deposited with the Bankruptcy Court as an asset of the bankruptcy estate.

The Ohio Revised Code provides that "[t]he **prevailing party** in an action brought under this section is entitled to reasonable attorney's fees and court costs." Ohio Rev. Code

7

§ 1335.11(D) (emphasis added).  The prevailing party as to the OSCA claim is Option.

Accordingly, the Court will order that the attorney fee award be paid to Option.  This Court

will not presume to advise the Bankruptcy Court as to how the fee award should be handled.

An order consistent with this opinion will be entered.


Date:  <u>March 31, 2015</u>                                    /s/ Robert Holmes Bell
                                                                           ROBERT HOLMES BELL
                                                                           UNITED STATES DISTRICT JUDGE